UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re LAVERNE E. CAMPBELL-LODGE,

Debtor.

Case No. 25-22026-sab

Chapter 7
----------------------------------------------------------------X
LONG ISLAND MINIMALLY
INVASIVE SURGERY, P.C.,
d/b/a NEW YORK BARIATRIC GROUP,

Plaintiff-Creditor,

-against-

LAVERNE E. CAMPBELL-LODGE,

Defendant-Debtor.
----------------------------------------------------------------X

**DECLARATION IN SUPPORT**

Adv. No. 25-07003-sab

DANIELÉ D. DE VOE, an attorney duly admitted to practice law before the Courts of the Southern District of New York, hereby declares under penalty of perjury that the foregoing is true and correct

1. That I am a Partner with the law firm of SAHN WARD BRAFF COSCHIGNANO PLLC, attorneys for LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. ("Plaintiff"), and am fully familiar with the facts and circumstances of this matter and make this Declaration in Support of Plaintiff's Motion for an Order striking Defendant-Debtor's answer pursuant to *FRCP 37(b)(2)(A)*, entering a default judgment against her, and awarding Plaintiff attorneys' fees and costs incurred as a result of Defendant-Debtor's willful failure to comply with discovery pursuant to *FRCP 37(b)(2)(C)*, plus such other, further and different relief as may seem just, proper and equitable under the premises.

## STATEMENT OF FACTS

2. Plaintiff-Creditor, LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. d/b/a NEW YORK BARIATRIC GROUP ("Plaintiff") is a professional medical corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Mineola Avenue, Suite 200, Roslyn, New York 11557. Defendant-Debtor, LAVERNE E. CAMPBELL-LODGE ("Defendant"), was and still is a resident of the State of New York, residing at 812 Tulip Drive, Valley Cottage, New York 10989.

3. This Adversary Proceeding was commenced in conjunction with Defendant's Voluntary Petition for Chapter 7 relief filed in this Court on January 13, 2025. This Adversary Complaint seeks an Order and Judgment declaring that Defendant's debt to Plaintiff is not dischargeable pursuant to *11 U.S.C. §§523(a)(2), 523(a)(4), 523(a)(6)* and for such other, further and different relief as this Court deems just, proper and equitable under the circumstances, including but not limited to an award of attorney's fees as provided for in the underlying agreements. This Court has jurisdiction over this Adversary Proceeding pursuant to this Court's core subject matter jurisdiction under *28 U.S.C. 157(b)(2)(1)*. Plaintiff has standing, as Defendant's creditor, to object to discharge of Debtor's obligation to Plaintiff pursuant to *11 U.S.C. 727(c)(1)*.

4. Prior to filing said Petition, Defendant became indebted to Plaintiff on or about January 25, 2022 when Defendant fraudulently induced Plaintiff into performing elective medical procedures on Defendant, at Defendant's special instance and request, between January 2022 through April 2022 ("the relevant period") without requiring advanced payment

therefore.

5. Defendant fraudulently induced Plaintiff into performing the aforementioned services without requiring advanced payment therefore under false pretenses and by falsely representing that she would collect and immediately forward all checks she received from her insurance company for said medical procedures to Plaintiff within seven (7) days of receipt, in addition to paying any co-payments, co-insurance, deductibles and other sums due pursuant to the terms of her insurance agreement, and thereafter embezzled said funds by depositing the insurance checks into her own personal checking account and/or retaining said funds for her own personal use, injuring Plaintiff, while continuing to solicit Plaintiff's services.

6. As an out-of-network provider, Defendant was responsible for paying Plaintiff fair market value for the services rendered prior to Plaintiff performing any services. To induce Plaintiff into performing the aforementioned elective professional medical procedures on Defendant without requiring advance payment in full therefore, Defendant promised to forward all checks received from her insurance company onto Plaintiff within seven (7) days of receipt along with all co-payments, coinsurance and deductibles due pursuant to the terms of her insurance contract.

7. To reduce the parties understanding into writing, Defendant executed an Assignment of Insurance Benefits and Right of Recovery Form ("AOB") wherein she assigned all rights and interest in any insurance checks received for the services to be rendered over to Plaintiff and promised to immediately indorse and forward said checks onto Plaintiff along with all other sums for which she was responsible upon receipt. Defendant also executed a Patient Financial Responsibility Form ("PFRF") acknowledging her ultimate responsibility to

remit payment for the services provided to her and agreeing to be liable for Plaintiff's court costs, reasonable attorneys' fees and interest at a rate of twelve percent (12%) per annum in the event of a default of her obligations thereunder.

8. Plaintiff submits that it is evidenced by her actions that Defendant never had any intention of forwarding any insurance payments onto Plaintiff nor did she have any intention of forwarding the other sums due onto Plaintiff. Defendant's fraudulent intent cannot be disputed herein as Defendant continued to solicit Plaintiff's services after receiving and cashing the insurance checks issued to pay for Plaintiff's services all while continuing to represent to Plaintiff that said insurance checks would be forwarded.

9. Indeed, it was solely by virtue of Defendant's actual fraud, fraudulent misrepresentations, fraudulent pretenses, embezzlement and/or larceny that Plaintiff was induced into performing said elective medical procedures whereby she fraudulently represented that she would and did assign her rights and/or interest in any checks received by her from the insurance company for the purpose of said medical procedures in addition to remitting payment for all co-payments, co-insurance, deductibles and other sums due pursuant to the terms of Defendant's insurance contract without any intention of doing so.

10. Defendant was unquestionably aware of her obligations to Plaintiff herein before any services were rendered as she was advised that she would be required to pay in full before any services were rendered but for her promise to immediately forward any checks she received from her insurance company onto Plaintiff along with all co-payments, co-insurance, deductibles and other sums due pursuant to the terms of Defendant's insurance contract.

11. Plaintiff honored its obligations to Defendant by performing the elective

medical procedures upon Defendant without requiring advanced payment therefore. Plaintiff thereafter billed Defendant's insurance for the services rendered. Defendant's insurance company thereafter issued several checks directly to Defendant for payment of Plaintiff's services, which Defendant was contractually obligated to forward onto Plaintiff within seven (7) days of receipt. All checks sent to Defendant were accompanied by an Explanation of Benefits which stated the dates of service, the services performed and the names of the doctors who performed said services and also advised Defendant as to what co-payments, co-insurance, and/or deductible were due.

12. At the time Defendant received said checks, Defendant was fully aware of the fact that she was obligated to forward onto Plaintiff the checks she received from her insurance company for the services provided by Plaintiff in addition to remitting payment for all co-insurance and deductibles due. Defendant was fully aware of the fact that Plaintiff would be injured if she failed to forward onto Plaintiff the checks she received from her insurance company for the services provided by Plaintiff and/or remit payments for any co-insurance, co-payments and/or deductibles due. That, despite said knowledge, Defendant kept the insurance checks and failed to forward the same onto Plaintiff and did not otherwise remit payment for the services rendered.

13. Upon learning that Defendant had received and not forwarded the insurance checks onto Plaintiff, Plaintiff contacted Defendant about the checks she received and reminded her of her obligation to immediately forward the same onto Plaintiff. Despite repeated promises that payment would be forthcoming, Defendant did not forward said checks onto Plaintiff and did not otherwise remit payment for the services rendered. After resorts to

procure payment proved fruitless, this account was turned over to the undersigned in an attempt to recover payment.

## PROCEDURAL HISTORY

14. On August 10, 2022, an action was commenced in the Rockland County Supreme Court by the filing of a Summons and Verified Complaint. After Defendant failed to timely interpose an Answer in that action, on September 22, 2023, a Judgment was rendered in favor of Plaintiff and against the Defendant for the sum of $199,451.37.

15. After Plaintiff served a wage garnishment on Defendant's employer, the Defendant filed for bankruptcy on January 13, 2025. As this debt is not dischargeable under §523 of the Bankruptcy Code, Plaintiff commenced the instant adversary proceeding on February 27, 2025, seeking an Order determining that Defendant's debt to Plaintiff is not dischargeable pursuant to *11 U.S.C. §§523(a)(2), 523(a)(4), 523(a)(6). (See Adversary Complaint, Exhibits 1 and 2, attached hereto as Exhibit "10")* Issue was joined in this matter, on March 27, 2025, wherein the Defendant filed an Answer wherein she admitted several paragraphs of the Adversary Complaint while denying or denying information sufficient to form a belief as to others, and asserted several generic affirmative defenses that are not relevant to a 523 action. *(See Answer, attached hereto as Exhibit "9")*

16. A Scheduling Order was issued by this Court (Lane, J.) on May 5, 2025, setting the deadlines for completion of discovery. *(Doc. No. 5)* Plaintiff thereafter emailed informal discovery requests to the Defendant with the expectation that the response thereto would lead to this matter either being resolved by settlement or dispositive motion practice. Despite repeated promises that responses would be forthcoming, none were received.

17. On September 23, 2025, a Pre-Trial Conference was held whereby counsel for Defendant requested to revise the Scheduling Order to extend the discovery deadlines, to which counsel for Plaintiff and this Court agreed. On February 26, 2026, counsel for Defendant filed a Motion to Withdraw due to lack of communication by his client, which was subsequently denied by Order of this Court on March 12, 2026, for the reasons set forth on the record. *(See Doc. No. 11)*

18. To reduce its prior demands into a formalized writing, on March 31, 2026, Plaintiff served its Plaintiff's First Combined Request for Response to Interrogatories and Production of Documents, pursuant to the *FRBP §7026* and the *FRCP §§33* and *34,* upon Defendant. *(See Plaintiff's First Combined Request for Response to Interrogatories and Production of Document, attached hereto as Exhibit "1")* That same day, Plaintiff also served a Notice to Admit upon Defendant. *(See Plaintiff's Notice to Admit, attached hereto as Exhibit "2")* Defendant has failed to timely answer Plaintiff's Notice to Admit and, as such, the contents thereof are deemed admitted.

19. Defendant also failed to timely respond to Plaintiff's First Combined Request for Response to Interrogatories and Production of Documents. As such, Plaintiff sent a letter, on April 23, 2026, in a good faith attempt to compel voluntary compliance therewith. *(See Good Faith Letter dated April 23, 2026, annexed hereto as Exhibit "3")* Defendant has not responded to this letter and as of the date of this Motion, Defendant has not provided responses to Plaintiff's discovery requests.

20. At the Pre-Trial Conference held on April 29, 2026, Defendant's attorney advised that responses would be forthcoming by the following week. However, Defendant still

did not respond to Plaintiff's First Combined Request for Response to Interrogatories and Production of Documents. As such, a follow up email was sent to Defendant's attorneys on May 21, 2026. *(See Good Faith Email, dated May 21, 2026, attached hereto as Exhibit "4")* Plaintiff received no response to such email and no discovery responses were forthcoming.

21. At the Pre-Trial Conference held on June 1, 2026, Plaintiff again inquired as to the status of Defendant's responses to Plaintiff's First Combined Request for Response to Interrogatories and Production of Documents and we were again advised that responses would be forthcoming. As these demands have been outstanding for a very long time, we sought leave to file a motion to compel Defendant's response or her Answer would be stricken.

22. On June 5, 2026, Plaintiff filed the aforementioned motion to compel the Defendant's compliance with discovery. *(See Motion to Compel, attached hereto as Exhibit "5")* Defendant did not oppose Plaintiff's motion to compel.

23. A Hearing was held on July 7, 2026 and, upon the record of the Hearing, this Court (Barday, J.) granted Plaintiff's Motion to Compel and ordered Defendant to fully and completely respond to Plaintiff's First Combined Request for Response to Interrogatories and Production of Documents within thirty (30) days of entry of the Court's Order. *(See Order, dated July 7, 2026, attached hereto as Exhibit "6")* The Court further ordered that "failure by Defendant to fully and completely comply with this Order within the time period set forth herein may result in the imposition of sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and Rule 7037 of the Federal Rules of Bankruptcy Procedure, including (but not limited to) an order striking Defendant's answer and entering judgment by default against Defendant." *(Id.)*

24. On July 7, 2026, this Court (Barday, J.) also issued an Amended Scheduling Order extending the time to complete discovery to August 7, 2026 and giving Plaintiff leave to move to strike Defendant's answer should she fail to fully and completely respond to Plaintiff's discovery demands by this date. *(See Amended Scheduling Order, attached hereto as Exhibit "8")*

25. On July 8 and 9, 2026, the debtor's counsel and the debtor were served with copies of this Court's Order via email and Federal Express overnight delivery and proof of such service was filed with this Court on July 21, 2026. *(See Affidavit of Service with Confirmation Notice, attached hereto as Exhibit "7")*

26. As of the date of this writing, Defendant still has not responded to Plaintiff's discovery demands despite the foregoing Orders of the Court. As such, the appropriate sanction as a consequence of Defendant-Debtor's willful and intentional defiance of this Court's Orders as well as the Rules of Federal Procedure is to strike her Answer, pursuant to *FRCP 37(b)(2)(A),* and enter judgment in favor of Plaintiff and against Defendant-Debtor on default.

27. No prior application for the relief sought herein has been made.

## ARGUMENT

### I. THE COURT SHOULD STRIKE DEFENDANT DEBTOR'S ANSWER AND ENTER A DEFAULT JUDGMENT AGAINST HER PURSUANT TO FEDERAL RULE 37(B)

28. Plaintiff respectfully moves this Court to strike Debtor's answer and for entry of a default judgment against her for her willful failure to comply with Court-ordered discovery and the express provisions of the FRCP despite having ample

opportunity to do so.

29. All litigants have an obligation to comply with court orders, and a failure to do so may result in sanctions. *Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)*. Where there is a "clearly articulated order" requiring discovery, imposition of sanctions under *FRCP 37* for noncompliance with said order is proper. *See Daval Steel Products v. M/V Fakredine, 951 F.2d 1357 (2d Cir. 1991)*. "Given that 'compliance with discovery orders ... is necessary to the integrity of our judicial process ... part[ies] who flout[ ] such orders do so at [their] peril.' " *In re Doresca, No. 8-16-75006-LAS, 2024 WL 1729625, at *7 (Scarcella, J.) (Bankr. EDNY, Apr. 19, 2024), reconsideration denied, No. 8-16-75006-LAS, 2024 WL 3258796 (Bankr. EDNY, July 1, 2024), quoting In re Thilman, 548 B.R. 1, 9 (Scarcella, J.) (Bankr. EDNY 2016).*

30. Pursuant to *FRCP 37,* this Court is empowered to impose various sanctions against a party who "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a)." *Fed. R. Civ. P. 37(b)(2)(A); see also In re Doresca, supra at 7; In re Thilman, supra 7-8.* Specifically, *FRCP 37(b)(2)(A)(i)-(vii)* provides that if a party fails to respond to interrogatories or a request for production, the Court may issue an Order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

31. Disciplinary sanctions under Federal Rule 37 are intended to serve three purposes, to wit: (1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with court orders; and (3) "to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 149 (2d Cir. 2010) (internal citation omitted); see also In re Doresca, supra at 7-8.*The Second Circuit, in *Agiwal, supra at 302-303,* set forth the factors for the court to consider when deciding which sanctions to impose due to non-compliance with discovery as follows:

(a) The willfulness of the non-compliant party or the reason for noncompliance;

(b) the efficacy of lesser sanctions;

(c) the duration of the period of noncompliance; and

(d) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'"

32. When deciding a motion for sanctions as consequence of non-compliance

with discovery, no single factor is dispositive. *In re Doresca, at *7.*

33. Discovery orders are meant to be followed. As such, dismissal or default is justified if the Court finds that the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sought to be sanctioned." *S. New Eng. Tel. Co., 624 F.3d at 144; see also Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)("when a party seeks to frustrate [the purpose of the discovery provisions of the Federal Rules] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate"); In re Thilman, supra at 8-13.*

34. It is respectfully submitted in the case at bar that the *Agiwal* factors weigh heavily in favor of striking the Defendant-Debtor's Answer and entering judgment against her on default where the Defendant-Debtor is directly benefitting from her willful non-compliance with discovery. Indeed, as has been repeatedly stated in motion papers and to this Court, if Defendant-Debtor did not steal the insurance checks at issue herein, she should produce them and provide evidence of her innocence. However, despite repeated demands that she produce copies of the cancelled insurance checks for more than a year to prove her innocence, she has failed to do so despite this Court Ordering her to produce the same. As such, the only reasonable sanction herein is to strike Defendant-Debtor's Answer as she should not be permitted to benefit from her willful defiance of this Court's Orders and the Federal Rules of Civil Procedure.

**A. Debtor's non-compliance has been willful**

35. As noted above, willfulness of non-compliance with a discovery order is considered when the Court's orders have been clear and where such non-compliance is not due to factors beyond the party's control. *See In re Thilman, supra at 9; In re Naguib v. Pub. Health Sols., 2014 WL 3695946, at *4 (EDNY, June 16, 2014), report and recommendation adopted, 2014 WL 3695965 (EDNY, July 24, 2014), appeal dismissed.*

36. Here, the plain language of this Court's July 7, 2026 Order required the Defendant-Debtor to comply by August 7, 2026. The Defendant-Debtor did not comply and still has not complied as of the date of this writing. As such, the Debtor's non-compliance has been willful.

**B. Imposition of a severe sanction is warranted under the circumstances**

37. While a court should always seek to impose the least harsh sanction, a "court is 'not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record.'" *In re Thilman, supra at 10, quoting Shcherbakovskiy v. Seitz, 450 Fed.Appx. 87, 88 (2d Cir. 2011).*

38. Here, the only appropriate sanction is to strike the Defendant-Debtor's Answer in this instance as she is, and will continue to, directly benefit from her willful defiance of the Order of this Court and the Rules of Civil Procedure by refusing to produce the discovery demanded by Plaintiff. Indeed, it can reasonably be inferred that the reason why the Defendant-Debtor is willfully denying this Court's Orders is due to

the fact that the contents of the discovery responses would be damaging to her, thus, she is willfully choosing not to respond. Despite being afforded ample opportunity to respond, the Defendant-Debtor has willfully and intentionally chosen not to respond. This factor alone weighs strongly in favor of a severe sanction.

### C. The Defendant-Debtor's long duration of non-compliance warrants a severe sanction in this matter

39. Courts have found that several months of non-compliance was sufficient to call for terminating sanctions. *In re Thilman, supra at 10; see e.g., Phelan v. Campbell, 507 Fed.Appx. 14, 16 (2d Cir. 2013) (**dismissal after seven months of non-compliance**); Battiste-Downie v. Covenant House, 471 Fed.Appx. 78, 79 (2d Cir. 2012) (**dismissal after one year of non-compliance**)*; *Agiwal, supra at 303 (**dismissal after six months of non-compliance**); Embuscado v. DC Comics, 347 Fed.Appx. 700, 701 (2d Cir. 2009) (**dismissal after three months of non-compliance**); Ruzza v. Rubenstein & Sendy Attorneys at Law, 520 F.3d 176, 177 (2d Cir. 2008 (**dismissal after seven months of non-compliance**).*

40. Here, the Defendant-Debtor was first served via email with informal demands, on or about March 27, 2025, to produce copies of the Explanations of Benefits and cancelled insurance checks by requesting the same of her counsel shortly after issue was joined in this matter. After having received no response to such demand despite numerous emails regarding the same, Plaintiff's discovery demands were thereafter formalized in a Demand for the Production of Documents and Response to Interrogatories served upon her counsel on March 31, 2026. More than one year has passed

since Plaintiff's initial demand and more than four months since Defendants formal demand, yet, Defendant has failed to produce any discovery despite the Order of this Court directing her to do so. As such, the duration of the period of non-compliance certainly warrants the severe sanction of entry of default against her.

### D. The Defendant-Debtor has been adequately warned of the consequences of non-compliance

41. This Court has cautioned the Defendant-Debtor and her counsel of the severe consequence of her continued non-compliance both within the language of this Court's July 7, 2026 Order as well as directives given during the many conferences before your Honor. The consequences were further clearly laid out on Plaintiff's Motion to Compel filed in June 2026. As such, the Defendant-Debtor has been sufficiently warned of the consequences of her continued non-compliance, yet, has still failed to comply with the Order of this Court and the Rules of Federal Procedure.

### E. The balancing factors weigh heavily in favor of terminating sanctions in this matter

42. It is further respectfully submitted that the balancing factors weigh heavily in favor of terminating sanctions in this matter due to Defendant's apparent willful non-compliance with discovery in this action and the Orders of this Court.

43. In light of the foregoing, the Plaintiff respectfully submits that it is clear that only terminating sanctions are appropriate in this matter where no other remedy would be adequate as the Plaintiff has been directly harmed as a consequence of the Defendant-Debtor's willful non-compliance with discovery in this matter.

44. Indeed, each of the *Agiwal* factors weighs in favor of striking Defendant-Debtor's Answer and entering default herein. Accordingly, the Court should grant Plaintiff's request to strike Debtor's Answer and enter a default judgment against her and in favor of Plaintiff.

**II. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES PURSUANT TO THE TERMS OF THE PARTIES AGREEMENT AND PURSUANT TO FRCP(b)(2)(C)**

45. Plaintiff is entitled to recover its attorneys' fees both pursuant to the terms of the underlying Agreements so providing and also as a consequence of her failure to comply with discovery pursuant to *FRCP 37(b)(2)(C). See In re Doresca, at 17-18.*

46. Pursuant to both the Assignment of Benefits and Right of Recovery Form and the Patient Financial Responsibility Form, Defendant-Debtor is required to reimburse Plaintiff for all court costs, collections costs and reasonable attorneys' fees in the event of default by her thereunder, and to pay interest at a rate of 12% per annum on any balance outstanding more than thirty (30) days. *(See Adversary Complaint, Exhibits 1 and 2, attached hereto as Exhibit 10)* Accordingly, Debtor-A. REYES is contractually obligated to reimburse Plaintiff for all attorneys' fees and other costs, plus interest at 12%.

47. Additionally, *FRCP 37(b)(2)(C)* provides that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an

award of expenses unjust." *Fed. R. Civ. P. 37(b)(2)(C)* Accordingly, Plaintiff is entitled to attorneys' fees and costs incurred in connection with Debtor's noncompliance with this Court's July 7, 2026 Order pursuant to *FRCP 37(b)(2)(C)*.

**WHEREFORE**, Plaintiff respectfully requests that this issue an Order, in the form annexed hereto as Exhibit 11, striking Defendant-Debtor's answer pursuant to *FRCP 37(b)(2)(A)*, entering a default judgment against her, and awarding Plaintiff attorneys' fees and costs incurred as a result of Defendant-Debtor's willful failure to comply with discovery pursuant to *FRCP 37(b)(2)(C)*, plus such other, further and different relief as may seem just, proper and equitable under the premises.

Dated: Uniondale, New York
August 12, 2026

Respectfully Submitted,

SAHN WARD BRAFF COSCHIGNANO PLLC
*Attorneys for Plaintiff-Creditor*

By: ______________________________
DANIELE D. DE VOE
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
(516) 228-1300