UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re LAVERNE E. CAMPBELL-LODGE,

Debtor.

Case No. 25-22026-shl

Chapter 7

---------------------------------------------------------------X

LONG ISLAND MINIMALLY
INVASIVE SURGERY, P.C.,
d/b/a NEW YORK BARIATRIC GROUP,

Plaintiff-Creditor,

-against-

LAVERNE E. CAMPBELL-LODGE,

Defendant-Debtor.

---------------------------------------------------------------X

**PLAINTIFF'S FIRST COMBINED REQUEST FOR RESPONSE TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**

Adv. No. 25-07003-shl

**PLEASE TAKE NOTICE** that, pursuant to Rule 7026 of the Federal Rules of Bankruptcy and Rules 33 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff-Creditor, LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. d/b/a NEW YORK BARIATRIC GROUP, by and through its attorneys, SAHN WARD BRAFF COSCHIGNANO PLLC, hereby demands that the above Defendant-Debtor, LAVERNE E. CAMPBELL-LODGE, respond to each and every Interrogatory set forth herein and produce the following designated documents for inspection and copying within thirty (30) days after service of this notice, at SAHN WARD BRAFF COSCHIGNANO PLLC, located at 333 Earle Ovington Boulevard, Suite 601, Uniondale, New York 11553 for discovery and inspection and copying.

## INSTRUCTIONS

**PLEASE TAKE NOTICE** that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant must fully answer the Interrogatories in writing and under oath, and that said response shall be produced in accordance with the definitions and instructions contained herein within thirty (30) days of service of this notice.

**PLEASE TAKE FURTHER NOTICE** that responses to these Interrogatories shall be deemed to be continuing so as to require supplemental responses at a reasonable time prior to trial with respect to those Interrogatories to which additional information is obtained by Defendant.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant must produce the documents demanded, designated tangible things and provide a response in writing, and that said response shall be produced in accordance with the definitions and instructions contained herein within thirty (30) days of service of this notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, a written response to each request, stating with respect to each item that inspection and related activities will be permitted as requested, or that the documents do not exist in response to a particular item or that an item is objectionable for reasons specified, must be served upon the undersigned counsel for Plaintiff as set forth above.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, any objection to the production of any document(s) must be in writing and shall set forth all grounds for such objection(s), if any, with specificity.

**PLEASE TAKE FURTHER NOTICE** that any claim of privilege asserted in an objection to the production and inspection of documents shall identify (a) the nature of the privilege asserted, and, if the privilege being asserted is governed by state law, specifically state the state's privilege rule being invoked; and (b) unless divulgence of such information would cause the disclosure of allegedly privileged information, you must also state (1) the date of the document; (2) the author or originator of the document; (3) the person to whom the document was addressed; (4) the name of each person who was provided a copy of, had access to or examined the document; (5) the type or title of the document; (6) the general subject matter of the document; and (7) the present location of the document and the name of the custodian thereof.

**PLEASE TAKE FURTHER NOTICE** that, for any document which is the subject of a claim of attorney-client privilege or attorney work product, you must also state the specific grounds upon which you claim said document is privileged and/or constitutes attorney work product.

**PLEASE TAKE FURTHER NOTICE** that as this request for documents and things is continuing, in the event that any documents or things come into the possession, custody or control of the Defendant or their attorney subsequent to the service of the written response to this request, which documents or things fall within the scope of those requested but which were not included in the initial response, Defendant is obligated to notify Plaintiff of such additional documents or things and Defendant must also produce the same for inspection and copying within seven (7) days after the receipt thereof by the Defendant.

**PLEASE TAKE FURTHER NOTICE** that all documents and responses to

demands made herein shall be segregated in accordance with the numbered paragraphs below.

**PLEASE TAKE FURTHER NOTICE** that all documents called for in this request that Defendant claims are privileged shall be listed chronologically and listed in a Privilege Log, which sets forth a brief description of the document and the grounds for non-production, including citation to the rule or statute that Defendant is relying upon.

## DEFINITIONS

A. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure shall be incorporated by reference herein.

B. The term "communication" as used herein shall mean oral or written exchanges of words, thoughts, or ideas between or among two or more persons or entities, whether person to person, in a group, by telephone, correspondence, telex, or computer, or by any other means whatsoever.

C. The use of the word “Plaintiff” herein generally refers to LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. d/b/a NEW YORK BARIATRIC GROUP, its attorneys, representatives, and all persons or entities acting on its behalf

D. As used herein, “Defendant” shall mean LAVERNE E. CAMPBELL-LODGE, her predecessors and successor, and her present and former officers, directors, agents, partners, employees, representatives, consultants and attorneys, and all other persons purporting to act on her behalf or under her control.

E. The term "you" or "your" as used herein generally refers to the above-listed Defendant, her attorney, representatives, and all persons or entities acting on her behalf,

unless the sentence, paragraph or section specifically refers to a particular Defendant, and then the term “you” or “your” refers to that specific Defendant, her attorney, representatives, and all persons or entities acting on her behalf.

F. The term "person" as used herein shall mean a natural person, public or private corporation, partnership, joint venture, proprietorship, voluntary or unincorporated association, trust, estate, or governmental agency, commission, bureau, or department.

G. The use of any particular gender and the plural or singular number of the words defined herein is intended to include the appropriate gender or number as the text of any particular interrogatory may require.

H. The term "concern" or "concerning" as used herein shall mean referring to, describing, relating to, evidencing, or constituting.

I. The term "identification" or "identify" or "describe" when used in reference to:

(i). natural individuals, means to state to the extent known his or her full name, business and residential address, present or last known, position(s) and business affiliation(s);

(ii). a person other than natural individual, means to state to the extent known its business and residential address, present or last known, and its nature or customary business description (e.g., corporation, trust, etc.);

(iii). a document, means to describe the nature (e.g., letter, handwritten notes, etc.) of the document, the number of pages, its title (if any), and its date, author(s), addressee(s), present location and custodian, and the manner and date of description of any

document which once was but is no longer in your possession or subject to your possession or subject to your control;

(iv). a communication means, if any part of the communication was written, to identify (as defined above) the pertinent document or documents and, to the extent the communication was non-written, to identify (as defined above) the person involved in the communication, and the place, date, method and content of the communication;

(v). an act or event means to state the date, place, name and address of each person present and a detailed description of each such occurrence.

J. When an interrogatory asks for specific information, such as, for example, a date, it will not be adequate to state the precise date or other specific information is unknown to you if you are capable of approximating the information requested, or setting forth any part of the information requested, provided that you indicate in your response that the information being provided is an approximation or is incomplete in certain specific requests.

K. When an interrogatory does not specifically request a particular fact, but such fact is necessary in order to make the answer to the interrogatory either comprehensible, complete or not misleading, you are to include such fact as part of the answer, and the interrogatory shall be deemed specifically to request such fact.

L. When, after a reasonable and thorough investigation using due diligence, you determine that you are unable to answer an interrogatory, or any part thereof due to lack of information available to you, specify, in full and complete detail, the type of information

which you claim is not available, the reason the information is not available to you, and what has been done by you to locate such information. In addition, please specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the fact or facts upon which such knowledge or belief is based. Identify the person or persons who has or is likely to have the information which you claim is not available.

M. The use of the singular in these interrogatories includes the plural, and the use of the plural includes the singular. The use of the word "and" in these interrogatories includes the word "or" and the use of the "or" includes the word "and".

N. Defendant shall produce all documents which she relied upon to answer these interrogatories.

O. Defendant shall produce all documents which she reviewed in answering these interrogatories.

P. "Document" is used herein in its broadest sense, and includes any original, reproduction or copy of any kind typed, recorded, graphic, printed, written or documentary matter including without limitation correspondence, memoranda, interoffice communication, notes, diaries, contracts, documents, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, telegrams, notes of telephone conversations, and notes of any and all communications in every other means of recording any tangible thing, any form of communication or representation, including letters, words, pictures, sounds or symbols or combinations thereof stored in any manner regardless if it is stored electronically, magnetically, digitally or by optical means, including, without limitation, to any audio,

video or data disk, tape or memory, storage or recording device.

## **INTERROGATORIES**

Interrogatory Question 1. Identify the person(s) answering these Interrogatories and all persons assisting in that process or reviewing these answers.

Interrogatory Question 2. Identify all documents upon which you relied upon in answering these interrogatories.

Interrogatory Question 3. Identify the name and last known address, phone number, and email address of all persons that you contend have knowledge of discoverable matters relative to this action, including but not limited to those persons who may be called as a witness and with respect to each such individual, please state with specificity the matters about which you contend or believe each such individual has knowledge and whether you expect to call such individual as a witness at trial. If no such witnesses are known, so state in reply to this demand. The undersigned will object upon trial to the testimony and any witnesses not so identified.

Interrogatory Question 4. Identify (a) any expert witness(es) you expect to call at trial; (b) the qualifications of any such witness(es); (c) the address and business or professional affiliation of any such expert witness(es); (d) the general subject matter of any expert witness' testimony; (e) the facts and opinion on which any such expert is expected to testify; and (f) the grounds of each such expert's opinions.

Interrogatory Question 5. Identify your health insurance, policy number, and group number for any and all policies of insurance under which you were entitled to receive benefits from February 1, 2022, to May 31, 2022.

Interrogatory Question 6. For each policy of insurance under which you were eligible to receive benefits for the medical services rendered to you herein, state whether you had out-of-network benefits and, if answered in the affirmative, set forth the terms of such benefits. For example, did your

insurance policy provide that you would be responsible for upfront payment for the services rendered and that your insurance carrier would reimburse you for the services rendered to the extent that you had coverage.

Interrogatory Question 7. Please state whether you were ever notified orally or in writing that Plaintiff was an out-of-network provider and, if answered in the affirmative, state how you were so notified (e.g., orally, in writing, etc.), when and where such notification took place, who was present during any such conversation, and set forth the sum and substance of such conversation and/or notification.

Interrogatory Question 8. State whether you ever affirmatively represented to Plaintiff that you would endorse and forward onto Plaintiff all insurance checks received for the services rendered by Plaintiff upon receipt thereof, setting forth the method (e.g. orally, in writing, etc.), date and location for each such representation made, who was present where a conversation took place and the sum and substance of each such conversation.

Interrogatory Question 9. State whether you received professional medical services from Plaintiff and, if answered in the affirmative, state the date each service was rendered and a summary of the services received on each such date.

Interrogatory Question 10. State whether you executed an Assignment of Benefits and Right of Recovery Form (“AOB”) regarding the services to be rendered by Plaintiff and, if answered in the affirmative, set forth the date, time and location where such document was executed and identify the names of everyone present when such document was executed.

Interrogatory Question 11. State whether you executed a Patient Financial Responsibility Form (“PFRF”) regarding the services to be rendered by Plaintiff and, if answered in the affirmative, set forth the date, time and location where such document was executed and identify the names of everyone present when such document was executed.

Interrogatory Question 12. State whether you received Explanations of Benefits

from your insurance company related to the services Plaintiff rendered to you from February 1, 2022, through May 31, 2022, and, if you answered in the affirmative, set forth the date you received each such Explanation of Benefits and the sum and substance of what was set forth therein regarding payment for the services rendered.

Interrogatory Question 13. State whether you received any checks from your insurance company in relation to the services rendered by Plaintiff and, if answered in the affirmative, set forth the date and amount of each such check and what, if anything, you did with each insurance check upon receipt.

Interrogatory Question 14. State whether Plaintiff ever contacted you with regard to insurance checks you had received for the services rendered and, if answered in the affirmative, set forth the date and method for each such contact, identify the person who contacted you on each such date, who was present during each such communication, and what, if anything you did in response.

Interrogatory Question 15. State whether you received any statements or invoices from the Plaintiff in relation to the services rendered by Plaintiff and, if answered in the affirmative, the date(s) you received each such invoice and what, if anything, you did in response thereto.

Interrogatory Question 16. State whether you ever contacted your insurance company with regard to the insurance checks issued for the services Plaintiff rendered to you and, if answered in the affirmative, set forth the date, time, location and method for all such communications and the sum and substance of each conversation.

Interrogatory Question 17. State the factual basis upon which you intend to rely upon at trial in support of your First Affirmative Defense that Plaintiff is allegedly suing the wrong party.

Interrogatory Question 18. State the factual basis upon which you intend to rely upon at trial in support of your Second Affirmative Defense, entitled “Failure to Mitigate Damages”,

wherein you claim that Plaintiff is supposedly intentionally causing you excess harm by suing the wrong party.

Interrogatory Question 19. State the factual basis upon which you intend to rely upon at trial in support of your Third Affirmative Defense that Plaintiff's claims were supposedly not filed within the applicable statute of limitations.

Interrogatory Question 20. State the factual basis upon which you intend to rely upon at trial in support of your Fourth Affirmative Defense of supposed comparative negligence.

Interrogatory Question 21. State the factual basis upon which you intend to rely upon at trial in support of your Fifth Affirmative Defense of supposed impossibility of performance.

Interrogatory Question 22. State the factual basis upon which you intend to rely upon at trial in support of your Sixth Affirmative Defense of supposed unclean hands.

Interrogatory Question 23. State the factual basis upon which you intend to rely upon at trial in support of your Seventh Affirmative Defense of supposed duress.

Interrogatory Question 24. State the factual basis upon which you intend to rely upon at trial in support of your Eighth Affirmative Defense that service was supposedly improper.

## **DOCUMENT DEMANDS**

Document Request No. 1. Produce true copies of all documents relied upon by you in preparing responses to Plaintiff's Interrogatories.

Document Request No. 2. Produce true copies of any and all health insurance policies that provided coverage to you from February 1, 2022, through May 31, 2022.

Document Request No. 3. Produce true copies of any and all documents evidencing whether your health insurance policy in effect from January 1, 2022, through December 31, 2022, required you to pay directly for any services

rendered by an "out-of-network" provider.

Document Request No. 4. Produce true copies of any and all documents evidencing whether your health insurance policy in effect from January 1, 2022, through December 31, 2022, required you to pay directly for any services rendered by an "out-of-network" provider.

Document Request No. 5. Produce true copies of any and all documents evidencing whether your health insurance carrier in effect from January 1, 2022, through December 31, 2022, notified you that it would not directly remit payment to an "out-of-network" provider.

Document Request No. 6. Produce true copies of any documents evidencing whether Plaintiff was an "in-network" or "out-of-network" provider with regard to your health insurance policy/carrier.

Document Request No. 7. Produce true copies of any and all Insurance Binders or other documents that identify the name of your insurance carrier, your policy number, the period said health insurance carrier provided coverage for you and the benefits provided to you for both in-network and out-of-network providers for the period from February 1, 2022, through May 31, 2022.

Document Request No. 8. Produce true copies of any and all correspondence or other communications received by you from Plaintiff or someone on Plaintiff's behalf in relation to the services rendered by Plaintiff sued upon herein.

Document Request No. 9. Produce true copies of all contracts and agreements entered into between you and Plaintiff.

Document Request No. 10. Produce true copies of all Explanations of Benefits issued by your health insurance carrier that provided coverage to you concerning the medical services rendered by the Plaintiff to you.

Document Request No. 11. Produce true copies of any and all payments made directly by you to Plaintiff relative to the professional medical services sued upon herein, including but not

limited to copies of the front and back of any and all canceled checks and receipts of payment.

Document Request No. 12. Produce true copies of the front and back of *all* checks issued by your insurance company with regard to the services rendered to you by Plaintiff.

Document Request No. 13. Produce true copies of any and all documents evidencing whether you forwarded any insurance checks onto Plaintiff for the services sued upon herein.

Document Request No. 14. Produce true copies of the bank statements from any and all bank accounts held by you, individually or jointly, from January 1, 2022, through present.

Document Request No. 15. Produce true copies of any and all correspondence or other written communication received by you from your health insurance company other than Explanations of Benefits regarding the professional medical services rendered to you by Plaintiff.

Document Request No. 16. Produce true and complete copies of your tax returns filed for the 2022 and 2023 tax years.

Document Request No. 17. Produce true copies of any and all documents that you intend to rely upon at trial in support of your First Affirmative Defense that Plaintiff allegedly sued the wrong party.

Document Request No. 18. Produce true copies of any and all documents you intend to rely upon at trial in support of your Second Affirmative Defense, entitled "Failure to Mitigate Damages", wherein you claim that Plaintiff is allegedly intentionally causing you excess harm by suing the wrong party.

Document Request No. 19. Produce true copies of any and all documents you intend to rely upon at trial in support of your Third Affirmative Defense Plaintiff claims were allegedly not filed within the applicable statute of limitations.

Document Request No. 20. Produce true copies of any and all documents you intend to rely upon at trial in support of your Fourth

Affirmative Defense of alleged comparative negligence.

Document Request No. 21. Produce true copies of any and all documents that you intend to rely upon at trial in support of your Fifth Affirmative Defense of alleged impossibility of performance.

Document Request No. 22. Produce true copies of any and all documents that you intend to rely upon at trial in support of your Sixth Affirmative Defense of supposed unclean hands.

Document Request No. 23. Produce true copies of any and all documents that you intend to rely upon at trial in support of your Seventh Affirmative Defense of supposed duress.

Document Request No. 24. Produce true copies of any and all documents that you intend to rely upon at trial in support of your Eighth Affirmative Defense of alleged improper service.

Dated: Uniondale, New York
March 13, 2026

SAHN WARD BRAFF COSCHIGNANO PLLC
*Attorneys for Plaintiff-Creditor*

By: ______________________________
DANIELÉ D. DE VOE
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
(516) 877-2525

TO: CUSHNER & ASSOCIATES, P.C.
*Attorneys for Defendant-Debtor*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502