UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re LAVERNE E. CAMPBELL-LODGE,<br><br>Debtor. | Case No. 25-22026-sab<br><br>Chapter 7 |
| LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C., d/b/a NEW YORK BARIATRIC GROUP,<br><br>Plaintiff-Creditor,<br><br>-against-<br><br>LAVERNE E. CAMPBELL-LODGE,<br><br>Defendant-Debtor. | **PLAINTIFF'S REPLY DECLARATION IN FURTHER SUPPORT OF PLAINTIFF-CREDITOR'S MOTION TO STRIKE**<br><br>Adv. No. 25-07003-sab |

-----------------------------------------------------------------X

DANIELÉ D. DE VOE, an attorney duly admitted to practice law before the Courts of the Southern District of New York, hereby declares under penalty of perjury that the foregoing is true and correct:

1. I am a Partner with the law firm of SAHN WARD BRAFF COSCHIGNANO PLLC, attorneys for Plaintiff-Creditor, LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. ("Plaintiff"), am fully familiar with the facts and circumstances of this matter, and submit this Reply Declaration in Support of Plaintiff's Motion for an Order striking Defendant-Debtor, LAVERNE E. CAMPBELL-LODGE's ("Defendant") Answer pursuant to *FRCP 37(b)(2)(A)*, entering a default judgment against her, and awarding Plaintiff attorneys' fees and costs incurred as a result of Defendant-Debtor's willful failure to comply with discovery pursuant to *FRCP 37(b)(2)(C)*, plus such other, further and different relief as may seem just, proper and equitable under the circumstances.

## I. DEFENDANT'S OPPOSITION SHOULD NOT BE CONSIDERED AS IT IS UNTIMELY

2. As an initial procedural matter, Defendant's opposition papers should be rejected as untimely. Pursuant to *Local Bankruptcy Rule 9006-1(c)*, Defendant's opposition was to be served no later than seven (7) days before the return date, or by August 26, 2026. Defendant, through counsel, explicitly acknowledged in a letter to the Court that the deadline to oppose Plaintiff's Motion to Strike expired on August 26, 2026. See *Doc. No. 34*. Despite this deadline, Defendant served and filed her opposition four (4) days late, on August 31, 2026, without the consent of Plaintiff or leave of Court. Notably, while Defendant did not timely file opposition papers to Plaintiff's Motion to Strike, Defendant's attorney had time to draft and file a late Motion to Amend her Answer after the discovery end date passed, yet, failed to timely file opposition to the pending motion filed approximately one month ago. As the Defendant's opposition was untimely and she did not have leave to file an untimely, Defendant's untimely opposition should not be considered.

## II. THE *AGIWAL* FACTORS HEAVILY FAVOR STRIKING DEFENDANT'S ANSWER AND ENTERING A DEFAULT JUDGMENT AGAINST HER

3. Should this Court consider Defendant's untimely opposition, Defendant failed to state a basis upon which the Court should not impose sanctions under the *Agiwal* factors. As noted in Plaintiff's moving papers, the Second Circuit in *Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302–03 (2d Cir. 2009)*, set forth four factors that courts consider when determining whether to impose terminating sanctions under *FRCP 37(b)*: (1) willfulness/reason for noncompliance; (2) efficacy of lesser sanctions; (3) duration of noncompliance; and (4) whether the party was warned. As argued in Plaintiff's moving papers, the foregoing factors support granting Plaintiff's motion in its entirety.

**A. Debtor's noncompliance has been willful**

4. "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Morgan Art Found. Ltd. v. McKenzie, 2025 WL 2528301, at *7 (S.D.N.Y. 2025), motion to certify appeal denied, 2026 WL 18584 (S.D.N.Y. 2026)*. Willfulness is found where a party repeatedly fails to produce discovery, in violation of court orders. *Id*. Here, it cannot be disputed that Defendant was aware of her discovery obligations as she served with discovery demands on March 31, 2026 *(Doc. No. 28, Exhibits 1 and 2)*, a Good Faith Letter on April 23, 2026 *(Doc. No. 28, Exhibit 3)*, a Good Faith Email on May 21, 2026 *(Doc. No. 28, Exhibit 4)*, discovery was discussed at several court appearances with your Honor and Judge Lane, Defendant sought and was granted several extensions of the end date of fact discovery to respond yet still did not, Plaintiff's Motion to Compel filed on June 5, 2026 *(Doc. No. 28, Exhibit 5)*, and this Court's clear Order issued on July 7, 2026 directing Defendant to respond to discovery by August 7, 2026 *(Doc. No. 28, Exhibits 6-7)*.

5. Despite the foregoing, Defendant repeatedly failed to comply with this Court's directives and produce discovery. Defendant's failure to respond is not due to factors beyond her control. While she repeatedly argues that her attorney, Todd S. Cushner, is to blame, this argument fails as a matter of law. Under long-settled Supreme Court and Second Circuit precedent, a client voluntarily chooses her attorney as her representative and is fully bound by all acts, omissions, and judicial defaults of that attorney. *Link v. Wabash R. Co., 370 U.S. 626, 633-634 (1962)("**each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.")(internal quotations omitted)***; *see also Hoodho v. Holder, 558 F.3d 184, 192 (2d Cir. 2009)*; *S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir.*

*1998); Bailey v. Pataki, 952 F. Supp. 2d 626, 628 (S.D.N.Y. 2013); In re Caritas Health Care, Inc., 435 B.R. 111, 116 (Bankr. EDNY 2010).* This principle applies to debtors in bankruptcy proceedings. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396–97 (1993)(**holding that both a party and their counsel's omissions must be excusable for the Court to overlook neglect**); In re Tronox Inc., 626 B.R. 688, 733 (Bankr. SDNY 2021), on reconsideration in part, 2022 WL 628097 (Bankr. SDNY Mar. 3, 2022), and aff'd, 2023 WL 2744136 (S.D.N.Y. 2023) ("**Accordingly, errors by counsel do not constitute grounds for 'excusable neglect' relief unless counsel's own failings should be excused**").*

6. Indeed, the Southern District recently opined on this exact issue. In applying the *Agiwal* factors, the Court in *Morgan Art Found. Ltd. v. McKenzie* imposed terminating sanctions and issued a default judgment against the defendant for noncompliance with discovery despite the defendant's argument that his prior counsel was to blame. *2025 WL 2528301, at *7 (S.D.N.Y. 2025)*. As the Court noted, a "litigant chooses counsel at [her] peril" and even if Mr. Cushner is responsible for Defendant's repeated failure to respond to discovery, "[s]he is still bound by [her] counsel's acts and can be sanctioned for them." *Id*. Defendant's self-serving and unsubstantiated statements that she emailed her prior counsel regarding discovery does not change this analysis. Indeed, Defendant failed to put forth any basis to excuse Mr. Cushner's actions, and thus she is bound by his acts and omissions. *See In re Tronox Inc., at 733; see also Morgan Art Found. Ltd, at *7.*

7. Moreover, Defendant admits in her Declaration in Opposition to Plaintiff's Motion to Strike she was aware of her discovery obligations and does not deny that she was aware of this Court's July 7, Order. *(See Doc. No. 35, Campbell-Lodge Decl.* ¶¶ *2-6)* Furthermore, Plaintiff's discovery demands were served not only on Mr. Cushner, but were also served upon her present

counsel in April at the directive of this Court. Thus, if Mr. Cushner is to blame, so too is Mr. Adams who was equally aware of the outstanding discovery in this case well before the Motion to Compel was filed.

8. While Defendant argues that she was never served with the Notice to Admit, this argument fails as she considered to have notice of the foregoing by way of her counsel. *See Link, 370 U.S. 626 at 633–34 ("**[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.")**.*

9. Mr. Adams likewise points the finger at Mr. Cushner for his oversights, which too must fail. Mr. Adams admits to making a mistake by "assum[ing] Mr. Cushner was continuing to represent the defendant". *(Doc. No. 35, page 3)* The onus is on Mr. Adams to understand his role in a matter before agreeing to represent a client. His argument that he was unaware of this Court's Orders, discovery requests, and deadlines because Mr. Cushner failed to inform him of the same is also unavailing. All court filings, motions, and orders in this matter are fully accessible on PACER. As an attorney appearing in an active lawsuit, Mr. Adams had a baseline duty to review the docket upon appearing. His wrongful assumptions, oversight, and failure to inspect the record should not excuse Defendant's failure to comply with discovery orders and should not be used as a sword to prejudice Plaintiff. Moreover, as noted above, the discovery demands were served upon Mr. Adams at the request of this Court back in April, so his claims are simply not true as he was equally aware of the deadlines herein.

10. Finally, Defendant cites *S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123 (2d Cir. 2010)*, to argue that "where noncompliance is substantially attributable to an attorney's own dereliction, rather than to any fault of the client, terminating sanctions are a poor fit for the equities Rule 37 is designed to serve . . ." Defendant mischaracterizes this decision. *S. New Eng. Tel. Co.*

does not stand for the proposition that an attorney's fault cannot be imputed to the client under *FRCP 37*; rather, it reinforces the district court's broad discretion to enter default judgments for discovery abuse and explicitly highlights that disciplinary sanctions serve general deterrent effects across litigation. *Id. at 149*.

11. Accordingly, Defendant's noncompliance was willful, and she failed to put forth any reason why this Court should not impose terminating sanctions.

**B. Imposition of severe sanctions is warranted under the circumstances**

12. Here, lesser sanctions than striking the Answer and issuing a default judgment against Defendant would be completely ineffective. Defendant asserts that serving delinquent discovery responses *after* the clear deadline in this Court's July 7, 2026 Order and *after* Plaintiff's Motion to Compel and a Motion to Strike were filed cures her default. It does not. Rewarding Defendant for ignoring this Court's Order until faced with a default judgment would destroy the deterrent purpose of *FRCP 37*. Moreover, the responses are incomplete, and Defendant acknowledges the same as the cover letter annexed to her responses states, "Defendant's search responsive to Plaintiff's requests is ongoing" and she fails to provide most of the demanded information despite more than sufficient time to do so. *(See Defendant's Cover Letter, attached hereto as Exhibit "1")* Defendant was served with informal discovery demands on March 25, 2025 and formal discovery demands on March 31, 2026. Defendant has had sufficient time to gather and produce documents responsive to Plaintiff's demands and failed to do so. Imposing sanctions less severe than striking the answer and finding Defendant in default, when the discovery responses are still incomplete, will only prolong this matter which is already far beyond this Court's performance standards and case management goals. Any further delay by reopening the pleadings or discovery will prejudice Plaintiff, who has spent a considerable amount of time and

resources litigating this matter due to Defendant's willful noncompliance.

**C. The Defendant-Debtor's long duration of noncompliance warrants severe sanctions in this matter**

13. The period of Defendant's noncompliance is long and well documented and Plaintiff has been more than courteous in granting multiple extensions of the discovery deadline to afford Defendant time to respond. Defendant's argument that a shorter period applies to her personally fails as a matter of law as she admitted to being aware of her discovery obligations "throughout 2026" and at least as early as April 27, 2026. *(See Doc. No. 35, Campbell-Lodge Decl. ¶¶ 2-6)* Moreover, she is considered to have notice of the discovery demands by way of her counsel. *See Link, 370 U.S. 626 at 633–34 ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.")*. Defendant's noncompliance has persisted for five (5) consecutive months, spanning multiple court conferences, an opposed Motion to Compel, and in violation of this Court's directives. Defendant still has not fully responded to Plaintiff's demands as admitted in the cover letter attached to said responses. *(See Exhibit 1)* Five (5) months is sufficient time for terminating sanctions, especially as Defendant's willful noncompliance is still ongoing. *See Morgan Art Found. Ltd, at *9 (SDNY 2025)**("[C]ourts have repeatedly found that noncompliance for a period as short as three or four months 'warrants the harshest of sanctions, including dismissal or default.'")**, quoting Icon Int'l, Inc. v. Elevation Health LLC, 347 F.R.D. 274, 289 (S.D.N.Y. 2024)); see also Shukla v. Deloitte Consulting LLP, 2021 WL 3159759, at *5 (S.D.N.Y. July 23, 2021) **(dismissal with prejudice where plaintiff had not complied with discovery orders for three months)***. Accordingly, Defendant's prolonged and continuous period of noncompliance favors the imposition of significant sanctions including striking the Answer and issuing a default judgment against her.

### D. The Defendant-Debtor has been adequately warned of the consequences of non-compliance

14. Defendant was adequately warned of the potential consequences of her failure to produce discovery. Indeed, Plaintiff served Defendant with a copy of its Motion to Compel and this Court's July 7, 2026 Order upon her counsel of record—which warned that failure to comply may result in sanctions. *(Doc. No. 28, Exhibits 5-7)* This constitutes legal and meaningful warning to Defendant herself as information delivered to counsel is legally imputed to the client. *See Link, 370 U.S. at 633–34 ("**[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.**")*. Accordingly, any argument by Defendant that she was not warned of the consequences of her noncompliance must fail.

## III. THE BRANCH OF PLAINTIFF'S MOTION SEEKING ATTORNEYS' FEES SHOULD BE GRANTED AS UNOPPOSED

15. As argued in Plaintiff's underlying motion, Plaintiff is entitled to recover its attorneys' fees pursuant to the terms of the underlying agreements between the parties and *FRCP 37(b)(2)(C)*. *In re Doresca, 2024 WL 1729625, at *17-18 (Bankr. E.D.N.Y. 2024), reconsideration denied, 2024 WL 3258796 (Bankr. E.D.N.Y. 2024)*. As Plaintiff met its burden and established entitlement to its attorneys' fees, and as Defendant failed to oppose this branch of Plaintiff's motion, this Court should direct Defendant to pay Plaintiff's attorneys' fees and costs incurred in connection with Debtor's noncompliance with this Court's July 7, 2026 Order.

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an Order striking Defendant-Debtor's answer pursuant to *FRCP 37(b)(2)(A)*, entering a default judgment against her, and awarding Plaintiff attorneys' fees and costs incurred as a result of Defendant-Debtor's willful failure to comply with discovery pursuant to *FRCP 37(b)(2)(C)*, plus such other, further and different relief as may seem just, proper and equitable under the circumstances.

Dated: Uniondale, New York
September 2, 2026

Respectfully Submitted,

SAHN WARD BRAFF COSCHIGNANO PLLC
*Attorneys for Plaintiff-Creditor*

By: ______________________________
DANIELÉ D. DE VOE
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
(516) 228-1300