SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---------------------------------------------------------------X

LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. d/b/a NEW YORK BARIATRIC GROUP,

Plaintiff,

-against-

LAVERNE CAMPBELL-LODGE a/k/a LAVERNE ROYES,

Defendant.

---------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No. ____________

Plaintiff, by its attorneys, SAHN WARD BRAFF KOBLENZ PLLC, complaining of the defendant alleges as follows:

1. That, at all times hereinafter mentioned, plaintiff was and still is a professional corporation, organized and existing under and by virtue of the laws of the State of New York.

2. That, at all times hereinafter mentioned, the plaintiff's principal place of business is located at 125 Mineola Avenue, Suite 200, Roslyn Heights, New York 11577.

3. That, at all times hereinafter mentioned, plaintiff was and continues to be a professional medical practice.

4. That, upon information and belief and at all times hereinafter mentioned, the defendant, LAVERNE CAMPBELL-LODGE a/k/a LAVERNE ROYES, resides at 812 Tulip Drive, Valley Cottage, New York 10989.

5. That plaintiff rendered professional medical services to defendant at

defendant's special instance and request.

6. That, prior to performing the aforesaid services, plaintiff advised defendant that plaintiff was an out-of-network provider and, as such, defendant was responsible for the fair market value of the services rendered.

7. That, prior to performing the aforesaid services, plaintiff further advised defendant that defendant's insurance carrier would reimburse defendant for the services rendered by plaintiff by issuing a check to the defendant for said reimbursement in the event defendant's insurance contract provided for out-of-network benefits.

8. That, prior to performing the aforesaid services, plaintiff advised the defendant that it would agree to accept the sum of money defendant's insurance paid for plaintiff's services for which defendant had coverage so long as the defendant forwarded onto plaintiff any checks received for said services along with all co-payments, co-insurance, deductibles or other payments for which the defendant was responsible pursuant to defendant's insurance contract.

9. That defendant affirmatively represented to plaintiff that she would forward onto plaintiff all checks that she received from her insurance company for the services provided for which there was coverage, as well as all co-payments, co-insurance, deductibles or other payments for which the defendant was responsible pursuant to defendant's insurance contract.

10. That, in conjunction with the aforementioned promises, the defendant

executed an Assignment of Insurance Benefits and Right of Recovery Form ("AOB") ratifying her assignment to plaintiff of her interest in all checks received from her insurance company for the services rendered to her by plaintiff in addition to her acknowledged obligation to remit payment for all co-insurance, co-payments, deductibles and/or other payments due pursuant to the terms of her policy of insurance.

11. That defendant likewise executed a Patient Financial Responsibility Form ("PFRF") wherein the defendant reaffirmed her personal liability to remit payment for the services rendered, her obligation to reimburse plaintiff for all court costs and reasonable attorneys' fees incurred in recovering any outstanding balance and her agreement to pay 12% interest per annum on any balance outstanding more than thirty (30) days.

12. That, despite her representations to the contrary, defendant had no intention of forwarding onto plaintiff the insurance checks received or remitting payment of the deductible she owed pursuant to the terms of her insurance agreement.

13. That defendant's insurance company issued several checks to the defendant as payment for the services sued upon herein, either in whole or in part.

14. That the insurance company sent Explanations of Benefits to the defendant for each date of service sued upon herein, explaining defendant's responsibility therefore and how each check was to be applied where one was issued.

15. That defendant cashed the aforementioned insurance checks received and retained them for her personal use instead of forwarding the same onto plaintiff.

16. That defendant likewise failed to remit payment for the deductible due pursuant to the terms of her insurance agreement.

17. That plaintiff sent several statements to the defendant advising the defendant that she was responsible for the entire balance due as she had retained the insurance checks issued by her insurance company along with the deductible due.

18. That plaintiff also called the defendant on multiple occasions to advise the defendant that she received payment from her insurance carrier for the services rendered that she was obligated to forward onto plaintiff.

19. That, at the time she deposited the checks into her own account, defendant knew that she was obligated to forward said checks onto plaintiff in addition to remitting payment for the deductible due pursuant to the terms of her insurance contract.

20. That defendant knew when she willfully, intentionally, deliberately and maliciously deposited these checks into her personal checking account, rather than forwarding them onto plaintiff, that she was committing embezzlement against plaintiff.

21. That defendant knew when she willfully, intentionally, deliberately and maliciously deposited these checks into her personal account, rather than forwarding them onto plaintiff, that she was committing larceny against plaintiff.

22. That defendant knew when she willfully deposited these checks into her personal checking account, rather than forwarding them onto plaintiff, that she was converting plaintiff's assets.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22", inclusive, with the same force and effect as though fully set forth herein at length.

24. As noted above, plaintiff and defendant entered into an agreement wherein plaintiff would provide professional medical services to defendant at defendant's instance and request.

25. As also noted above, defendant agreed to be liable for the amount charged for those services should she fail to forward any insurance checks received as payment for said services and/or any co-payments, co-insurance, deductibles or other sums due pursuant to the terms of defendant's insurance contract.

26. Plaintiff performed pursuant to the terms of the parties' agreement by providing the requested services.

27. Defendant breached her contract with plaintiff by failing to forward the insurance checks onto plaintiff along with all other payments due pursuant to the terms of her insurance agreement, and by also failing to remit payment for said services despite due demand therefore.

28. Plaintiff has made due demand for payment in full for the services rendered, totaling $204,248.99 by mailing invoices to defendant from March 25, 2022 until on or about July 7, 2022.

29. That, despite due demand therefore, defendant has and continues to refuse to remit any payment for her outstanding balance due herein despite her false representations to the contrary.

30. That, by reason of the defendant's breach of her contractual obligations to plaintiff, plaintiff has been damaged in the sum of $204,248.99 with interest from April 24, 2022 at 12% per annum according to the terms of the PFRF.

**AS AND FOR A SECOND CAUSE OF ACTION FOR ACCOUNT STATED**

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30", inclusive, with the same force and effect as though fully set forth herein at length.

32. That, between March 25, 2022 until on or about July 7, 2022, plaintiff rendered statements to the defendant itemizing the amount due herein and, thus, an account was duly stated by the plaintiff to the defendant wherein such account showed the defendant to be indebted to the plaintiff for the sum of $204,248.99.

33. Said accounting has been retained in the defendant's file, and no objection has been made to said accounting.

34. That defendant has failed and refused, and continues to fail and refuse, to pay plaintiff for the account stated for the professional medical services rendered.

35. That, by reason of the aforesaid, plaintiff has been damaged in the total sum of $204,248.99 with interest thereon from April 24, 2022 at 12% per annum according to

the terms of the PFRF.

**AS AND FOR A THIRD CAUSE OF ACTION FOR ATTORNEYS' FEES**

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35", inclusive, with the same force and effect as though each were fully set forth herein at length.

37. That, pursuant to the AOB and PFRF, defendant agreed to pay all reasonable legal fees, collection costs and court costs incurred in recovering any outstanding balance from defendant.

38. That, by reason of the aforesaid, plaintiff has been damaged in the amount of $68,083.00 as and for reasonable attorneys' fees, or an amount to be deemed reasonable by the Court based upon plaintiff's attorneys regular hourly rates for all time spent herein.

**WHEREFORE**, plaintiff demands judgment against the defendant as follows:

(a) On the First Cause of Action for Breach of Contract, judgment in favor of plaintiff and against defendant in the sum of $204,248.99;

(b) On the Second Cause of Action for Account Stated, judgment in favor of plaintiff and against defendant in the sum of $204,248.99;

(c) On the Third Cause of Action for Attorneys' Fees, judgment in favor of plaintiff and against defendant for the sum of $68,083.00 or an amount to be deemed reasonable by the Court based upon plaintiff's attorneys regular hourly rates for all time

spent herein;

(d) Together with the costs and disbursements of this action and interest thereon from April 24, 2022 at 12% per annum;

(e) Plus such other, further and different relief as to this Court may seem just, proper and equitable under the premises.

Dated: Garden City, New York
August 4, 2022

Yours, etc.
SAHN WARD BRAFF KOBLENZ PLLC
Attorneys for Plaintiff

By:____________________________
DANIELE D. DE VOE
1325 Franklin Avenue, Suite 210
Garden City, New York 11530

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---------------------------------------------------------------X

LONG ISLAND MINIMALLY INVASIVE SURGERY, P.C. d/b/a NEW YORK BARIATRIC GROUP,

Plaintiff,

-against-

LAVERNE CAMPBELL-LODGE a/k/a LAVERNE ROYES,

Defendant.

---------------------------------------------------------------X

**VERIFICATION**

Index No. ___________

STATE OF NEW YORK)
SS.:
COUNTY OF NASSAU )

JACQUELINE SPINA, being duly sworn, deposes and says:

Deponent is the Manager of Patient Relations for plaintiff, a domestic professional corporation; I have read the foregoing Verified Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This Verification is made by me because the above party is a corporation and I am the Manager of Patient Relations thereof. The grounds of my belief as to all matters not stated upon my own knowledge are through conversations had with my attorneys and through books and records contained in deponent's file pertaining to this matter.

Jacqueline Spina
JACQUELINE SPINA,
Manager of Patient Relations

Sworn to before me this
8 day of August 2022.

NOTARY PUBLIC

CHRISTINA T PRESS
Notary Public - State of New York
NO. 01PR6427584
Qualified in Nassau County
My Commission Expires Jan 3, 2026