**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------x

In re. **Chapter 7**

**LAVERNE E. CAMPBELL-LODGE,** **Case No. 25-22026-SAB**

Debtor.

---------------------------------------x

In re.

**Chapter 7**

**LONG ISLAND MINIMALLY INVASIVE SURGERY P.C.** **CASE NO. 25-07003-SAB**

**v.**

**LAVERNE E. CAMPBELL-LODGE,**

---------------------------------------x

**NOTICE OF PRESENTMENT OF MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY**

PLEASE TAKE NOTICE that upon the Motion of Todd S. Cushner, Esq. and Cushner & Associates, P.C., dated September 15th, 2026, seeking leave to withdraw as attorney of record for Defendant, Laverne E. Campbell-Lodge, pursuant to Local Bankruptcy Rule 2090-1(e), Federal Rule of Bankruptcy Procedure 9013, and Rule 1.16 of the New York Rules of Professional Conduct, together with the proposed Order, the undersigned will present the proposed Order to the Honorable Shireen A. Barday, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, without appearance, on October 20, 2026.

Dated: October 1, 2026
White Plains, New York

**RESTPECTFULLY SUBMITTED,**

By: /s/ Todd S. Cushner
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorney for Defendant*
399 Knollwood Road, Suite 205
White Plains, New York 10603
914-600-5502/914-600-5544
todd@cushnerlegal.com

Todd S. Cushner, Esq.
Law Offices of Cushner & Associates PC
399 Knollwood Rd
White Plains, NY 10603 (914) 600-5502
todd@cushnerlegal.com
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------x

| | |
|---|---|
| In re. | **Chapter 7** |
| **LAVERNE E. CAMPBELL-LODGE,** | **Case No. 25-22026-SAB** |
| Debtor. | |

-------------------------------------x

| | |
|---|---|
| In re. | |
| **LONG ISLAND MINIMALLY INVASIVE SURGERY P.C.** | **Chapter 7**<br>**CASE NO. 25-07003-SAB** |
| **v.** | |
| **LAVERNE E. CAMPBELL-LODGE,** | |

-------------------------------------x

**MOTION FOR LEAVE TO WITHDRAW AS ATTORNEY OF RECORD FOR THE DEBTOR PURSUANT TO S.D.N.Y LOCAL RULE 2090-1(e)**

**TO: HONORABLE SHIREEN A. BARDAY**
**UNITED STATES BANKRUPTCY JUDGE**

The Law Offices of Cushner & Associates PC (hereinafter the "Applicant"), counsel of record for the Debtor Laverne E. Campbell-Lodge (the "Debtor"), as and for its application to withdraw as counsel for the Debtor represents and shows to the court as follows:

1. On January 15, 2025, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the

Southern District of New York. The United States Trustee appointed Marianne T. O'Toole as the Trustee to this matter pursuant to Section 702(d) of the Bankruptcy Code.

2. On February 27, 2025, the above-captioned adversary case, 25-07003-SAB, was opened by Long Island Minimally Invasive Surgery P.C.

3. On June 23, 2025, a Meeting of Creditors was held with Trustee Marianne T. O'Toole (the "Trustee") in the associated bankruptcy case, Case No. 25-22026 (the "Associated Case").

4. The debtor was contacted further to remit documents relevant to Chapter 7 bankruptcy but has not delivered the necessary documents or testimony to mount a defense on her behalf. This breakdown of communication renders this firm's services impossible to deliver on behalf of the client.

5. I previously filed a motion to withdraw as counsel dated February 26,2026; I subsequently withdrew that motion on June 2nd of 2026. Due to the fact that the debtor finally contacted me.

6. Unfortunately, the debtor proceeded to introduce a new attorney who was guiding her and disrupting the process that I had discussed with Ms. Campbell-Lodge. At this time Ms. Campbell-Lodge's new attorney is moving in a direction which contradicts the direction the case had previously been taking.

7. On September 4th, 2026, new counsel for Ms. Campbell-Lodge in his motion for leave to withdraw admissions made certain claims stating that I did not discuss these matters with Ms. Campbell-Lodge and claiming that Ms. Campbell-Lodge came to my office on April 29th, 2026, and that I told the defendant quote on quote "I don't have time for this" and that I directed her to leave my office. This is patently untrue, as Ms. Campbell-Lodge came to my office to discuss demands that were fully explained to her. Ms. Campbell-Lodge was never

asked to leave, new council papers, alleged statements which have not been verified by the debtor and are purely self-serving hearsay.

8. Based on previous statements Ms. Campbell-Lodge made to me and the interference created by new counsel it became clear to me that I can no longer represent her.

9. At this time, I wish to renew my request to withdraw as counsel for Ms. Laverne Campbell-Lodge based on the breakdown of attorney-client relationship, debtors' reluctance to communicate and the new council interferences in the matter.

**MEMORANDUM**

**1.** Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the New York Rules of Professional Conduct 1.16 permit an attorney to seek leave to withdraw as counsel where, among other things. there has been an irreparable breakdown in the attorney-client relationship. *See also Whiting v. Lacara, 187 F.2d 317, 320 (2d Cir. 1999); Hampton v. McDonough, 2023 WL 3126525, *2 (EDNY 2023) (Wicks, J.).* A determination of whether to grant a motion to withdraw pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is within the sound discretion of the court. *Whiting, supra at 320; Finkel v. Fraterrelli Brothers, Inc., No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (EDNY 2006).*

**2.** Where there is sufficient evidence presented that the actions of a client has, and will, make it unreasonably difficult to carryout a representation, there are sufficient grounds to grant an application to withdraw as counsel. *See Hampton, supra at *3 (Granting withdrawal was appropriate given the deterioration of the attorney-client relationship); Tokarz v. LOT Polish Airlines, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (EDNY 2005) (citation omitted); US v. Lawrence Aviation Indus., No. 06-CV-4818(JFB)(ARL) (EDNY 2011); Casper v. Lew Lieberbaum & Co., 1999 WL 335334, at *4 (SDNY 1999) ("**[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.**"); Farrell v. County Van & Storage, Inc., 1996 WL 705276 (EDNY 1996) (**"It is clear that***

***an irreconcilable conflict between an attorney and his client is a proper basis for releasing the attorney from representational responsibilities")****;* *Dowler v. Cunard Line Ltd.**, 1996 WL 363167 (SDNY 1996) (**Same**).* It is similarly well-settled that an attorney may seek to withdraw when a client "renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." *See* *US v. Lawrence Aviation Indus.*, *supra* *at *1, quoting* *Stephen Eldrige Realty Corp. v. Green**, 174 AD2d 564, 566 (2d Dept. 1991).*

**WHEREFORE**, Applicant respectfully requests that the Court enter an order authorizing it to withdraw from representation as attorney for the debtor in the above-captioned adversary proceeding; and such other and further relief as this Court may deem just and equitable

Dated: September 15, 2026
White Plains, New York

HON.SHIREEN A BARDAY
United State Bankruptcy Judge

**RESTPECTFULLY SUBMITTED,**

By: /s/ Todd S. Cushner
Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorney for Defendant*
399 Knollwood Road, Suite 205
White Plains, New York 10603
914-600-5502/914-600-5544
todd@cushnerlegal.com